UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

CYNTHIA GILLIE                                              CIVIL ACTION

VERSUS
                                                            NO. 12-262-BAJ-DLD
LOUISIANA DEPARTMENT OF STATE,
CIVIL SERVICE, ET AL

**RULING AND ORDER**

This matter is before the Court on an unopposed Motion to Dismiss, or in alternative, Motion for a More Definite Statement by Defendants, the Louisiana Department of Civil Service, the Louisiana Department of Children and Family Services, the Louisiana Department of Child Support Enforcement, Shannon Templet, Ruth Johnson, Lisa Andry, Robbie Endris, Christine Lowe, Wanda Raber, Shelly Johnson, and Governor Bobby Jindal (doc. 12).  No further briefing is required.  The Court finds that Defendants' Motion to Dismiss must be granted for the following reasons.

According to the facts alleged in the Complaint:

- Beginning in June 2001, Plaintiff was employed at the Louisiana Department of Child Support Enforcement (CSE) (Compl. ¶ 24).

- In November 2009, Plaintiff was asked to serve an employee with a termination letter at the employee's home.  She informed her employer she would not deliver the letter, and she refused to do so (Compl. ¶¶ 25-26).

- On January 27, 2010, Plaintiff received complaints in her performance plan review (PPR) that were not personally communicated to her (Compl. ¶ 28).

- In August 2010, Plaintiff was informed that her position as a Human Resource Analyst was terminated due to an agency re-organization plan, and she was transferred to the Department of Children and Family Services Central Human Resources (DCFSHR) (Compl. ¶ 29).

- After Plaintiff communicated her need for training, she was given two information sessions of approximately thirty minutes each that she felt were inadequate (Compl. ¶ 31-33).

- On January 27, 2011, Plaintiff received a "needs improvement" rating on her PPR from the DCFSHR (Compl. ¶ 35).

- In February 2011, Plaintiff's physician ordered her to spend three weeks on bed rest for diabetic ulcers on her feet and went on medical leave (Compl. ¶ 37).

- On February 16, 2011, Plaintiff began applying for extended medical leave under the Family Medical Leave Act (FMLA) (*Id.*).

- One week later, Plaintiff's supervisor Lowe, along with Shelly Johnson, visited Plaintiff at home where they informed her that her employment would be terminated on March 27, 2011 pursuant to a Louisiana state governor-sponsored lay-off plan, subject to approval, due to budget cuts; they informed her that she was ineligible for bumping and re-hiring rights due to her recent PPR rating (Compl. ¶ 38).

- On May 10, 2011, Plaintiff was hospitalized due to her deteriorating health, underwent multiple surgeries, and remained in a long-term care facility until July 9, 2011(Compl. ¶ 43-47).

- During a June 2011 visit to the long-term care facility, co-workers informed Plaintiff that the governor sponsored lay-off plan was never approved and performance-ratings were not a basis for lay-offs (Compl. ¶48-49).

- In January 2012, Plaintiff filed a complaint with the United States Equal Employment Opportunity Commission (EEOC) (Compl. ¶ 10).

- Approximately May 5, 2012, Plaintiff received notice that she had a right to sue under Title VII (Compl. ¶ 12).

The Court has carefully reviewed this matter and finds that the Motion to Dismiss should be granted for the reasons advanced by Defendants' supporting memorandum. The Court concludes that Plaintiff, Cynthia Gillie ("Plaintiff") fails to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Further, Plaintiff has not made more than conclusory allegations and has not set forth facts sufficient to state any claim. As a result, Plaintiff's complaint against all Defendants must be dismissed. The Court reaches this conclusion for the following reasons.

First, Plaintiff is barred from seeking monetary damages against Defendants in their official capacity under the Eleventh Amendment for her Age Discrimination in Employment Act (ADEA) claim. The Eleventh Amendment prohibits a state's citizens from filing suit against the state, its agencies, and its employees in federal courts. *Williams v. Dallas Area Rapid Transit*, 242 F.3d 315, 318 (5th Cir. 2001).

The Eleventh Amendment does not bar suits against state actors in their official capacities to the extent the plaintiff seeks prospective injunctive relief, *see Will v. Michigan Dep't of State Police,* 491 U.S. 58, 71 n. 10, 109 S. Ct. 2304, 105 L.Ed.2d 45 (1989); *Ex Parte Young,* 209 U.S. 123, 159–60, 28 S. Ct. 441, 52 L.Ed. 714 (1908). However, the Eleventh Amendment precludes recovery of monetary damages from state employees in their official capacity. *Oliver v.*

*Scott*, 276 F.3d 736, 742 (5th Cir. 2011); *Aguilar v. Texas Dep't of Criminal Justice*, 160 F.3d 1052, 1054 (5th Cir. 1998).

Specifically, the Supreme Court foreclosed claims for monetary damage under the ADEA against the State in *Kimel v. Florida Bd. of Regents*, 528 U.S. 62, 91, 120 S. Ct. 631, 650, 145 L. Ed. 2d 522 (2000).

Here, Plaintiff sues all Defendants under the ADEA in their official and individual capacities (Compl., at 2). Plaintiff does not oppose the Motion to Dismiss, which avers that each Defendant is either a state employee or state agency. Further, Plaintiff seeks monetary damages on the face of her complaint (Compl. ¶¶ 54, 60, 65, 69, 70). To the extent that Plaintiff seeks monetary damages from state agencies and employees under the ADEA in their official capacities, those claims are dismissed. *Kimmel*, 528 U.S. at 91.

Second, Plaintiff fails to satisfy her burden of establishing a prima facie case for retaliation. A prima facie case of retaliation exists if the plaintiff establishes that: (1) he participated in statutorily protected activity, (2) he received an adverse employment action, and (3) a causal connection exists between the protected activity and the adverse action. *Mayberry v. Vought Aircraft Co.*, 55 F.3d 1086, 1092 (5th Cir. 1995) (citing *Armstrong v. City of Dallas*, 997 F.2d 62, 65 n. 3 (5th Cir. 1993)).

Here, neither party addresses the last two elements. Defendants contend, however, and the Court agrees, that Plaintiff fails to allege she participated in a

statutorily protected activity. In this case, Plaintiff supports her retaliation claim by alleging that on November 2009, she was asked to serve an employee with a termination letter at the employee's home, Plaintiff informed her employer she would not deliver the letter, and she did not (Compl. ¶ 25-26).

Even taking Plaintiff's complaint as true that this refusal is the action which triggered retaliatory acts on the part of Defendants, Plaintiff's refusal is not a statutorily protected activity. Plaintiff's complaint with the United States Equal Employment Opportunity (EEOC) would constitute a statutorily protected activity. However, the EEOC complaint wasn't filed until January 2012, which is after the facts which give rise to Plaintiff's retaliation claim (Compl. ¶¶ 10, 28, 31-33, 35, 38, 48-49). Accordingly, because Plaintiff's allegations of retaliation fail to state a statutorily protected activity under Title VII, her retaliation claim must be dismissed.

Third, Plaintiff's claim for "race, sex, and color" discrimination must be dismissed for failure to state a claim (Compl. ¶ 3). The evidentiary framework for Title VII claims was established by the Supreme Court in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S. Ct. 1817, 36 L.Ed.2d 668 (1973). A Title VII plaintiff bears the initial burden to prove a prima facie case of discrimination by a preponderance of the evidence. *Id.* at 802, 93 S. Ct. at 1824. A plaintiff may prove a prima facie case of discrimination by showing that: (1) she is a member of a protected class; (2) she was qualified for her position; (3) she was dismissed

or suffered an adverse employment action; and (4) the employer sought to replace her with a similarly qualified candidate outside of her protected class. *Id.*

However, the elements of a plaintiff's prima facie case necessarily vary according to the facts of the case and the nature of the claim. *McDonnell Douglas,* 411 U.S. at 802 n. 13, 93 S. Ct. at 1824 n. 13; *see St. Mary's Honor Ctr. v. Hicks,* 509 U.S. 502, 506, 113 S. Ct. 2742, 2747, 125 L.Ed.2d 407 (1993).

Here, Defendants aver that Plaintiff has not satisfied the fourth element of her prima facie case. With regard to the fourth element, Plaintiff must demonstrate that Defendants sought to replace her with a similarly qualified candidate outside of her protected class. Plaintiff does not state any such facts suggesting that she was replaced. Instead, Plaintiff alleges that Defendants discharged her from employment for reasons other than the lay-off plan they espoused.

Specifically, Plaintiff alleges that the governor sponsored lay-off plan was never approved and performance-ratings were not a basis for lay-offs (Compl. ¶ 48-49). There are simply not enough facts to determine whether a valid race, color, or sex discrimination claim exists. Defendants assert, and the Court agrees, that Plaintiff's claim is vague and rests primarily on conclusory allegations. Accordingly, because Plaintiff has failed to assert a prima facie case, her discrimination claim must be dismissed.[1][2]

---

[1] Plaintiff's suit for age discrimination is dismissed for the same reasons as her race, color, and sex discrimination claims. Here, Plaintiff has not alleged facts sufficient to conclude that she was part of the

Finally, Plaintiff's Family Medical Leave Act (FMLA) claim must be dismissed. The Fifth Circuit has explained that the FMLA contains two distinct provisions. *Mauder v. Metro. Transit Auth. of Harris Cnty., Tex.*, 446 F.3d 574, 580 (5th Cir. 2006). The first provision of the FMLA creates a series of entitlements or substantive rights. Under this provision, an employee has the right to return to the same position after a qualified absence falls under this category. *Id.* The second provision of the FMLA is proscriptive, and is designed to protect employees from retaliation or discrimination for exercising their rights under the FMLA. *Id.*

Here, Plaintiff fails to allege facts sufficient to show that her leave was actually protected under the FMLA. In fact, Plaintiff only alleges that she had begun the process of seeking extended medical leave from work under the FMLA (Compl. ¶ 37). According to the Complaint, she was discharged by Defendants while on sick leave with a doctor's order for three weeks of bed rest (*Id.*). A week after her FMLA process had only begun, she was discharged. Nothing in the facts suggest that she was denied her entitlement to leave, Defendants caused interference with the leave, or that she was denied restoration to her

---

protected class at the time of discharge, that she was replaced by anyone, or that she was discharged because of her age. *Earle v. Aramark Corp.*, 247 F. App'x 519, 523 (5th Cir. 2007).

[2] Similarly, Plaintiff's reasonable accommodation claim must be dismissed. Here, as Defendants assert, Plaintiff has not alleged facts sufficient to conclude that she was a qualified individual with a disability. *Griffin v. United Parcel Service, Inc.*, 661 F.3d 216, 224 (5th Cir. 2011). Because Plaintiff simply does not demonstrate that she would have been entitled to a reasonable accommodation, this claim must also be dismissed.

former position as proscribed in the FMLA. Therefore, Plaintiff's FMLA claim must be dismissed.

The Court dismisses Plaintiff's claims without prejudice. The Court is mindful that the Federal Rules of Civil Procedure require a party to formulate their pleadings in a manner that is organized and comprehensible. Even *pro se* litigants, like Plaintiff in this case, must abide by the Federal Rules of Civil Procedure. *See U.S. v. Wilkes,* 20 F.3d 651, 653 (5th Cir.1994); *Jarrell v. Tish,* 656 F.2d 237, 239 (D.C.Cir.1987).

The Court is also mindful that a *pro se* plaintiff's pleadings are to be held to less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). However, even under a liberal standard, the Court cannot determine the nature of Plaintiff's claims without resorting to improper speculation. Further, the confusing nature of Plaintiff's claims also forces Defendants to speculate as to the nature of Plaintiffs' causes of action, handicapping Defendants and making them unable to defend themselves in this lawsuit. The Court also notes that Plaintiff has failed to oppose Defendants' Motion to Dismiss, which was filed approximately seven months prior.

However, when dismissal of a *pro se* complaint is warranted, it should generally be without prejudice in order to afford the plaintiff an opportunity to

refile the lawsuit if appropriate. *Good v. Allain,* 823 F.2d 64, 67 (5th Cir.1987); *Moawad v. Childs,* 673 F.2d 850, 851 (5th Cir.1982).

Therefore, the Court finds that because: (1) Plaintiff is barred from seeking monetary damages pursuant to the ADEA against Defendants in their official capacities under the Eleventh Amendment; (2) Plaintiff's allegations of retaliation fail to state a statutorily protected activity under Title VII; (3) Plaintiff's claims for race, sex, color, and age discrimination, and her reasonable accommodation claim, are vague and rest primarily on conclusory allegations; and (4) Plaintiff fails to allege facts sufficient to show her leave was actually protected under the FMLA, Plaintiff's complaint against all Defendants must be dismissed.

## CONCLUSION

Accordingly, Defendants' Motion to Dismiss (doc. 12) is hereby **GRANTED**. All claims against all Defendants are hereby dismissed without prejudice.

Baton Rouge, Louisiana, June 28, 2013.

_____
BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA